Jacob Markowitz, J.
(dissenting). Once again we confront a situation where a landlord seeks to abort a lease for breach by the tenant and the majority finds breach but, from an equitable point of view, considers it not so serious as to call for the eviction of the tenant. We have passed on such problems, in the recent past, in a series of decisions presenting the same general outline. The courts of both this and the Second Department have met the problem not by dismissing the petition and relegating the landlord to a new proceeding in the Supreme Court, but by granting the tenant the opportunity to cure the breach and granting the landlord a judgment of eviction if the tenant failed to do so.
In 575 Washington St. Corp. v. McLaine (N. Y. L. J., Nov. 14, 1966, p. 17, col. 4 [Sept. 1966, No. 469]) which involved a tenant’s failure to comply with fire department orders, we affirmed a final judgment for landlord unless the tenant stipulated, within seven days after service of a copy of our order, to cease the practices constituting the violations. Upon filing the stipulation to that effect, the final judgment was reversed and judgment was directed for tenant, without prejudice to a new proceeding if the tenant failed to carry out the provisions of the stipulation.
In Sindler v. Ossan (N. Y. L. J., Aug. 8, 1969, p. 2, col. 2 [May 1969, No. 199]) this court reversed a final judgment for *364 tenant and directed a judgment for landlord for violations of “ substantial nature ” and “ tenant’s refusal, after due notice to cease the violation”. We provided, however, that if the tenant removed the equipment complained of within five days after service of a copy of our order, the eviction was stayed until the further order of the court.
Masaryk Towers Corp. v. Goldschmidt (N. Y. L. J., Jan. 9, 1970, p. 2, col. 3 [Oct. 1969, No. 371], mot. for lv. to app. den. N. Y, L. J., June 24, 1970, p. 2, col. 5) was a dog case in a co-operative apartment house. We held that the evidence established that the tenant violated the occupancy agreement. We reversed a judgment for tenant, granted judgment for landlord, and directed that if the tenant removed the dog from the premises within 15 days after service of a copy of our order, the eviction of the tenant was stayed until the further order of the court. (See, also, cases there cited.)
In Atlantic Towers Organization v. Sacharoff (N. Y. L. J. April 18, 1972, p. 20, col. 2) the Appellate Term, Second Department, wrote: Final judgment affirmed, without costs. Eviction will be stayed until further order of this court upon condition that tenant removes the dog from the premises within thirty days after service of a copy of the order hereon, with notice of entry, and so long as tenant harbors no other pets in the premises. All concur.
There can no longer be doubt but that covenants in leases and nondiscriminatory rules against harboring animals are enforceable (Mutual Redevelopment Houses v. Balducci, 37 A D 2d 943; East Riv. Housing Corp. v. Matonis, 34 A D 2d 937, affd. 27 N Y 2d 931 [relating to a rule similar to that at bar]; Riverbay Corp. v. Klinghoffer, 34 A D 2d 630; Brigham Park Coop. Apts., Section No. 2 v. Krauss, 21 N Y 2d 941). All the more should such rules be enforced where the apartment is in a co-operative building. Occupancy agreements and proprietary leases include elements of self-determination not found in leases for apartments in privately owned buildings. In a co-operative building policy is set by the tenants themselves through a board of directors elected by them. As a member of such self-governing community of tenants, there is less justification for a tenant violating the rules than in the case of a tenant in a privately owned building.
The question raised by my brethren is one of remedy only. In my view, to suggest that the landlord may obtain relief by injunction but not by summary proceeding is to exalt form over substance. The Civil Court has power, in a summary proceeding, to consider equitable, as well as legal defenses (Real Prop *365 erty Actions and Proceedings Law, § 743). If equity calls for a stay of the proceedings should the tenant obviate the offending violation, the Civil Court may grant conditional judgment accordingly. This, as indicated, has been our practice in the past. I suggest that this practice should not now be changed.
There is no need to call for two proceedings, one in the Civil Court and a new one in the Supreme Court, when the matter is already in the Civil Court and relief just to both parties can be fashioned in the pending proceeding.
I therefore dissent and vote to reverse the final judgment, without costs, and to grant final judgment in favor of landlord, with the proviso that eviction will be stayed until further order of this court if tenant removes the dog from the premises within 30 days after service of a copy of the order hereon, with notice of entry.
Streit, J. P., and Lupiano, J., concur in Per Curiam opinion; Markowitz, J., dissents in memorandum.
Final judgment affirmed, with $25 costs.